UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LEUTRIM TOPALLI, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>PETSMART, LLC<br><br>            Defendant. | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant PetSmart LLC (erroneously sued as PetSmart, LLC) ("PetSmart") by counsel, respectfully files this Notice of Removal from the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, and in support thereof states as follows:

### PROCEDURAL HISTORY AND NOTICE TIMING

1. On July 13, 2022, Plaintiff filed this putative class action against PetSmart in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida. The case was captioned *Leutrim Topalli, individually and on behalf of all others similarly situated v. PetSmart, LLC*, Case No. 2022-ca-6447-o ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint filed in the State Court Action is attached hereto as **Exhibit A**, and true and correct copies of all other process, pleadings and orders in the State Court Action are attached hereto as **Exhibit B**.

3. A true and correct copy of the docket from the State Court Action is attached hereto as **Exhibit C**.

4.  PetSmart was served with the Summons and copy of the Complaint on August 15, 2022.

5.  This removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of PetSmart's August 15, 2022 receipt of the Summons and Complaint.

6.  PetSmart removes the action to the United States District Court for the Middle District of Florida, which is the judicial district and division embracing Orange County in which the action currently is pending.  28 U.S.C. § 1441.

## JURISDICTION

7.  Removal is proper because this Court has original jurisdiction over the putative class action.  Under the Class Action Fairness Act ("CAFA"), which is codified at 28 U.S.C. § 1332(d), jurisdiction exists because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member is different from that of PetSmart, the only defendant; and (3) the matter in controversy, after aggregating the claims of the proposed class members as alleged by Plaintiff, exceeds $5 million, exclusive of interest and costs.

A.  **Minimal Diversity of Citizenship Exists in This Case**

8.  For original jurisdiction to exist under CAFA, any member of a class of plaintiffs must be a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2)(A).

9.  Plaintiff is a resident of and citizen of the State of Florida.  *See* Complaint ¶ 11.

10. PetSmart is a limited liability company formed under the laws of the State of Delaware.  PetSmart is wholly owned by Argos Holdings LLC, which is a limited liability company formed under the laws of the State of Delaware.  Argos Holdings LLC is wholly owned by Argos Intermediate Holdco III LLC, which is a limited liability company formed under the laws of the State of Delaware.  Argos Intermediate Holdco III LLC is wholly owned by Argos Intermediate Holdco II LLC, which is a limited liability company formed under the laws of the

State of Delaware. Argos Intermediate Holdco II LLC is wholly owned by Argos Intermediate Holdco I Inc., which is a corporation formed under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona.

11. Accordingly, PetSmart is a citizen of the State of Delaware.

12. Because PetSmart and the named Plaintiff are citizens of different states, minimal diversity of citizenship exists. *See* 28 U.S.C. § 1332(d). Additionally, because PetSmart is not a citizen of the state in which the action was originally filed, the "home state" or "local controversy" exceptions set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) do not apply.

**B.    The Aggregate Amount in Controversy Exceeds $5 Million**

13. For original jurisdiction to exist under CAFA, the aggregate amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Although PetSmart maintains that neither Plaintiff nor any member of the putative class has suffered any damage as a result of the underlying factual allegations, the aggregated recovery sought in the Complaint exceeds $5 million.

14. Where, as here, a plaintiff does not allege a specific total amount of damages, the defendant has the burden of showing by a "preponderance of the evidence" that the requisite amount in controversy is met. *Jones v. Arby's Rest. Grp. Inc.,* No. 8:21-CV-1612-KKM-TGW, 2021 WL 4146474, at *1 (M.D. Fla. Sept. 13, 2021) (*quoting Kirkland v. Midland Mortg. Co.,* 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

15. Removal is proper where it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010). Here, on the face of Plaintiff's Complaint, the amount in controversy exceeds $5,000,000 in the aggregate.

16.     Plaintiff purports to represent a Florida class of all others similarly situated and has filed this action against PetSmart alleging claims for violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").  *See* Compl. at ¶ 1.

17.     Plaintiff's proposed class is alleged to consist of

> All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g)(4) on or after July 1, 2021.

Compl. at ¶ 20.

18.     Plaintiff asserts that under this proposed class definition, PetSmart "has placed telephonic sales calls to telephone numbers belonging to *thousands* of consumers in Florida without their prior express written consent."  *See* Compl. at ¶ 22 (emphasis added).  In other words, based on the allegations in Plaintiff's Complaint, the class consists of *at least* two thousand consumers.

19.     Plaintiff also alleges that he received at least three telephonic sales calls from PetSmart, purportedly in violation of the FTSA.  Compl. at ¶ 13 and Exhibit A.  Plaintiff further alleges that PetSmart caused similar telephonic sales calls to be sent to the proposed class, such that Plaintiff alleges that each putative class member similarly received at least three telephonic sales calls from PetSmart.  *Id.* at ¶ 15.

20.     Plaintiff seeks an award of statutory damages in this case.  Compl. at ¶ 5.  If successful on his claim, the FTSA allows Plaintiff to recover $500 per telephonic sales call.  Fla. Stat. §501.059(10)(a)(2).  Further, if Plaintiff can prove that PetSmart acted willfully or knowingly, the Court may award up to $1,500 per telephonic sales call.  *Id.* at (10)(a)(2)(b).  Plaintiff alleges that PetSmart's purported violations of the FTSA were "willful or knowing,"

thereby seeking $1,500 per telephonic sales call, per each member of the proposed class. Compl. at ¶ 37.

21. Plaintiff asserts that "the aggregate damages sustained by the Class may be in the millions of dollars." Compl. at ¶ 28.

22. While PetSmart believes that Plaintiff and the putative class members have not suffered any cognizable legal injury at all and are not entitled to any damages, the Complaint clearly requests statutory monetary damages above $5,000,000. Given that Plaintiff alleges at least 2,000 potential class members, each alleged to have received at least three telephonic sales calls, and that Plaintiff is seeking statutory damages in the amount of $1,500 per telephonic sales call, per each class member, it is obvious from the face of the Complaint that Plaintiff is seeking more than $5 million on behalf of the entire class. Indeed, assuming a class of only 2,000 consumers, the statutory damages sought easily reach $9,000,000, well above the CAFA threshold.

23. In addition, Plaintiff demands more than just statutory damages, all of which may be considered in determining the amount in controversy. Plaintiff also seeks attorneys' fees, court costs, and injunctive relief. *See* Compl. at ¶¶ 5, 38.

24. If attorneys' fees are provided for by statute, such amounts may be considered in determining the amount in controversy. *McLawhorn v. GEICO Indem. Co.,* No. 8:17-CV-156-T-33AEP, 2017 WL 1277744, at *5 (M.D. Fla. Apr. 6, 2017) (*quoting Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000). Here, Fla. Stat. § 501.059(11)(a) provides that in "any civil litigation resulting from a transaction involving a violation of this section, the prevailing party . . . shall receive his or her reasonable attorney's fees and costs from the nonprevailing party." This amount can be over and above the statutory damages and, thus, further increases the potential amount in controversy.

25. The Court may also consider any request for injunctive relief in determining the amount in controversy. "[T]he value of the injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019) (internal citations and quotations omitted).

26. Plaintiff obviously believes injunctive relief has some value to him. This further demonstrates that the amount-in-controversy requirement is met.

D. **Membership in the Putative Class Exceeds 100 Persons**

27. Under CAFA, the Court shall decline to exercise jurisdiction of a class action if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). The putative class as pled consists of "thousands of consumers in Florida." Compl. at ¶ 22. Therefore, the threshold requirement for jurisdiction under CAFA is satisfied.

E. **Notice to State Court and Adverse Party**

28. A notice of this removal, together with a copy of this Notice, shall be filed with the Clerk of the Circuit Court for the Ninth Judicial Circuit Court in and for Orange County, Florida, and shall be served on opposing counsel.

F. **No Grounds Exist for the Court to Decline Jurisdiction**

29. CAFA permits a district court to decline jurisdiction of a case only if the requirements of § 1332(d)(3) or § 1332(d)(4)(A) or (B) are satisfied. These sections do not apply here, however, because PetSmart, the only defendant, is not a citizen of the State of Florida.

Accordingly, based upon the foregoing, PetSmart hereby removes this case from the Circuit Court for the Ninth Judicial Circuit Court in and for Orange County, Florida to the United States District Court for the Middle District of Florida.

Dated: September 13, 2022						Respectfully submitted,


								*/s/ Aliza Malouf*
								Abigail M. Lyle
								Florida Bar #: 41384
								1445 Ross Avenue, Suite 3700
								Dallas, Texas 75202
								Tel.: 214.979.8219
								Fax: 214.880.0011
								Email: alyle@huntonAK.com

								Aliza Malouf
								Florida Bar #: 1010546
								2200 Pennsylvania Avenue, N.W.
								Washington, D.C. 20037
								Tel.: 202.778.2209
								Fax.: 202-778.2201
								Email: amalouf@huntonAK.com

								*Counsel for Defendant PetSmart LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing on Plaintiffs' counsel, via e-mail and U.S. Mail, at the addresses listed below:

> Benjamin Raslavich
> KUHN RASLAVICH, P.A.
> 2110 W. Platt Street
> Tampa, FL 33606
> Tel: (813) 422-7782
> Email: ben@theKRfirm.com

>> */s/ Aliza Malouf*
>> Aliza Malouf