**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEUTRIM TOPALLI,

        Plaintiff,

v.                                     Case No.: 6:22-cv-1670-WWB-EJK

PETSMART, LLC,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand and for Attorney Fees and Costs ("**Motion to Remand**," Doc. 18) and Defendant's Response (Doc. 21) thereto.

Plaintiff filed the Class Action Complaint (Doc. 1-1) on July 13, 2022, in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida. (*Id.* at 1). Therein, Plaintiff alleged that on or about July 1, 2021, Defendant made a telephonic sales call to Plaintiff's telephone without prior express written consent in violation of the Florida Telephone Solicitation Act ("**FTSA**"), Fla. Stat. § 501.059. (*Id.* at 1, 3). Additionally, Plaintiff alleged class allegations on behalf of "[a]ll persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendants goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without 'prior express consent' as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021." (*Id.* at 3–4). Attached to the Class Action Complaint as Exhibit A was a screenshot of three text messages to Plaintiff's telephone. (*Id.* at 9).

On September 13, 2022, Defendant removed the case to this Court, alleging that this Court has jurisdiction pursuant to the Class Action Fairness Act ("**CAFA**"). (Doc. 1 at 2). "CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)–(6)). Thereafter, Plaintiff filed the First Amended Class Action Complaint (Doc. 15), which contains nearly identical allegations as the Class Action Complaint, but removes Exhibit A and instead includes a single text message in the body of the pleading. (*See generally id.*). Plaintiff also filed the Motion to Remand, arguing that because she alleges only a single statutory violation, Defendant has failed to establish that this Court has subject-matter jurisdiction under Article III.

In the Motion, Plaintiff does not dispute that jurisdiction is proper under CAFA. Instead, he argues that Defendant has not established that he has Article III standing because receipt of a single automated text message does not give rise to a concrete injury. (Doc. 18 at 7–8).[1] In *Salcedo v. Hanna*, the Eleventh Circuit held that under Telephone Consumer Protection Act ("**TCPA**") receipt of a single unwanted text message alone was not sufficient to allege a concrete injury in fact for Article III purposes. 936 F.3d 1162, 1167–72 (11th Cir. 2019). Additionally, the *Salcedo* court instructed lower courts to

---

[1] "Subject matter jurisdiction is triggered where CAFA jurisdictional requirements are met, but CAFA in no way negates the Article III standing requirement under the United States Constitution." *Randy Rosenberg, D.C., P.A. v. Geico Indem. Co.*, No. 19-cv-61421, 2019 WL 3817458, at *4 (S.D. Fla. Aug. 14, 2019).

consider not the quantity of intrusion alone, but the qualitative nature of the injury. *Id.* at 1172–73. Based on this precedent, numerous courts in this Circuit have similarly held that allegations of a statutory violation for receipt of one or two text messages under the TCPA or FTSA are insufficient to establish standing under Article III. *See, e.g.*, *Lawson v. Visionworks of Am., Inc.*, No. 6:22-cv-1375, 2023 WL 2653418, at *3–6 (M.D. Fla. Mar. 6, 2023), *report and recommendation adopted*, 2023 WL 2648176 (M.D. Fla. Mar. 27, 2023); *Muccio v. Glob. Motivation, Inc.*, No. 22-81004-CIV, 2022 WL 17969922, at *2–3 (S.D. Fla. Dec. 27, 2022); *Fontanez v. Wolverine World Wide, Inc.*, No. 8:22-cv-2538, 2022 WL 17959844, at *2–3 (M.D. Fla. Dec. 27, 2022). Defendant, who bears the burden of establishing standing as the party seeking to invoke federal jurisdiction, *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221–22 (S.D. Fla. 2020), has not directed this Court to any contrary authority or attempted to argue that this case is distinguishable.

In the First Amended Class Action Complaint, Plaintiff alleges receipt of a single unwanted text message on July 1, 2021. (Doc. 15 at 4). Plaintiff only alleges harm based on Defendant's purported violation of the FTSA and only seeks statutory damages. (*Id.* at 11). Plaintiff does not allege any additional harm or inconvenience as a result of his receipt of the text message. Accordingly, the Court finds that the allegations are insufficient to establish a concrete injury in fact under Article III and this case will be remanded for lack of jurisdiction.

Plaintiff also argues that he should be awarded his attorney fees and costs incurred as a result of Defendant's removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Plaintiff argues that removal "was obviously unreasonable" because, although the initial pleading arguably alleged at least three violations of the FTSA, it did not allege any harm aside from violations of statutory rights, which courts have found insufficient to support jurisdiction. However, Plaintiff has not directed this Court to any binding authority for the proposition that receipt of at least three unwanted text messages within the span of roughly one week is not sufficient to confer jurisdiction under the FTSA. Additionally, one of the two cases that Plaintiff cites as persuasive authority for remand was issued after this case was removed. *See Frater v. Lend Smart Mortg., LLC*, No. 22-22168-Civ, 2022 WL 4483753, at *4 (S.D. Fla. Sept. 27, 2022); (Doc. 1 at 7). Accordingly, Plaintiff has directed this Court to a single, non-binding case for the proposition that "Defendant has been on notice that the Court lack[ed] subject matter jurisdiction all along." (Doc. 18 at 11). Simply knowing that removal will present an uphill battle against unfavorable caselaw is not objectively unreasonable. Therefore, Plaintiff's request for fees and costs will be denied. *See Fontanez*, 2022 WL 17959844, at *3.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 18) is **GRANTED in part** to the extent that Plaintiff seeks remand of this case and **DENIED** in all other respects.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case Number 2022-CA-006447-O.

3.  The Clerk is directed to close this file.

**DONE AND ORDERED** in Orlando, Florida on April 13, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Court of the Ninth Judicial Circuit in and for Orange County, Florida